IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP CHARLES KELLOTAT,

        Petitioner,         Civil No. 09-130-TC

        v.         FINDINGS AND
                    RECOMMENDATION

UNITED STATES OF AMERICA,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a "Petition under 28 U.S.C. § 1651 and the Common Law Writ of Audita Querela" (popularly known as the "All Writs Act"). The petition was docketed as a petition for habeas corpus relief under 28 U.S.C. § 2241.[1]

---

[1] Petitioner filed a substantially identical petition that was docketed as a separate case. See, Civ. No. 09-129-TC.

1 - FINDINGS AND RECOMMENDATION

Petitioner acknowledges that "the All Writs Act" may be the "wrong vehicle" to bring his claims and also alleges that he "does not need permission to file any and all petitions that may appear at first glance to be a 'second or successive' habeas corpus petition."

Petitioner did not pay a filing fee or file an application to proceed in forma pauperis. Ordinarily under such circumstances, a petitioner would be ordered to either pay the filing fee or to file for in forma pauperis status or face dismissal for failure to prosecute. However, in this case, the petition should be denied and this proceeding should be dismissed sua sponte for lack of jurisdiction and for failure to state a claim.

## BACKGROUND

Court records establish that on June 23, 1993, petitioner was indicted by a federal grand jury for the District of Oregon for five counts of narcotic-related activities. After a jury trial on December 1, 1993, petitioner was found guilty on all counts charged in the indictment and on June 24, 1994, petitioner was sentenced to 360 months to life imprisonment.

Petitioner appealed his conviction and sentence , and on September 25, 1995, the Ninth Circuit Court of Appeals

2 - FINDINGS AND RECOMMENDATION

affirmed the District Court's judgment. <u>United States v. Kellotat</u>, 67 F.3d 309 (9th Cir. 1995). Petitioner then filed a petition under 28 U.S.C. § 2255 moving the court to vacate or correct his sentence. On August 13, 1997, the court denied petitioner's 28 U.S.C. § 2255 motion. Petitioner appealed the District Court's decision, but the Ninth Circuit Court of Appeals affirmed on October 26, 1998. <u>United States v. Kellotat</u>, 162 F.2d 1170 (9th Cir. 1998).

## DISCUSSION

Petitioner alleges that he did not adequately articulate some of the claims he intended to raise in his § 2255 motion and that the court failed to understand or address some of the issues arguably raised in his motion. Petitioner apparently recognizes the limitation on second and successive § 2255 petitions[2] and brings the present proceeding as a way to address the alleged deficiencies in the prior proceeding.

Petitioner has attempted this procedure before. <u>See</u>, <u>Kellotat v. United States</u>, Civ. No. 01-1553 (D. Or. 2002). That proceeding was dismissed by the Order (#2) and Judgment

---

[2] 28 U.S.C. § 2244 requires certification by the Ninth Circuit prior to filing a second or successive petition under 28 U.S.C. § 2255.

3 - FINDINGS AND RECOMMENDATION

(#3) of Judge Redden entered January 9, 2002. For the reasons set forth in Judge Redden's order and the reasons set forth below, petitioner's claims in this proceeding are not proper and should be denied.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by a statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 428-429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshal's Service, 474 U.S. 34, 43 (1985)). The First Circuit has held that the All Writs Act "may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." See, United States v. Barrett, 178 F.3rd 35, 55 (1st Cir. 1999); see also, United States v. Noske, 235 F.3d 405 (8th Cir. 2000).

In this case, it is apparent that petitioner is attempting to use the All Writs Act, or some other jurisdictional basis that petitioner hopes might be invoked by the court, to circumvent the restrictions placed upon successive habeas petitions. Because § 2255 constitutes a statute which specifically addresses the particular issue

4 - FINDINGS AND RECOMMENDATION

before the court (ie. a challenge to petitioner's conviction) it is that authority, and not the All Writs Act (or some other statute) that is controlling. Consequently, petitioner's claims are not properly before the court and the court lacks subject matter jurisdiction to consider the claims.

In addition, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on federal habeas corpus petitions. 28 U.S.C. § 2255. A judgment becomes final after the time for direct review has passed. See, eg., United States v. Guzman-Colores, 959 F.2d 132, 133 (9th Cir. 1992) Petitioner's direct review became final when the Supreme Court denied certorari on April 22, 1996. Accordingly petitioner had until April 22, 1997 to file a collateral challenge to his conviction. Petitioner filed the present proceeding on January 12, 2009. Accordingly, petitioner's claims are time barred.

Petitioner's "Petition under 28 U.S.C. § 1651" (#1) should be denied for lack of jurisdiction and for failure to state a claim and as time barred. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

5 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 10$^t$ day of February, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION